*453 OPINION.
Arundell :
The respondent held that the petitioner was affiliated with the Shipbuilder’s Machinery Company for the period in 1920 after September 15, but denied affiliation from January 1, 1920, to that date.
It is apparent from the evidence that the Shipbuilder’s Machinery Company was organized to serve, and during the period in controversy did serve, merely as a department or branch of petitioner. For some time prior to its incorporation the shipbuilding machinery branch of petitioner’s business was interfering with the efficient operation of its other activities. To correct this undesirable situation, the stockholders of' petitioner organized the Shipbuilder’s Machinery Company, and the petitioner promptly assigned to it the exclusive manufacturing and selling rights on certain shipbuilding machinery. All of the corporation’s authorized capital stock was issued to Perine, Fuertel, Buchner, and Borrow, and it does not appear that any of them paid any consideration for the stock. Borrow disposed of his stock in 1919. From January 1 to September 15, 1920, Perine and Fuertel, the sole stockholders of petitioner, each owned one-third of the outstanding capital stock of the Shipbuilder’s Machinery Company, the remainder of the stock being held by Buchner, an employee.
The stockholders of petitioner managed and controlled the activities of the Shipbuilder’s Machinery Company. The petitioner financed the business of the Shipbuilder’s Machinery Company with *454 out any interference by Buchner. The two corporations did business from the same office and used the same bookkeeper and otherwise conducted their affairs as a business unit. Buchner left the employ of the Shipbuilder’s Machinery Company in April, 1920, and in September of that year, when a settlement was made under his employment contract, he assigned his stock to his employer without consideration.
We think the corporations are entitled to affiliation for the period in question. See Isse Koch & Co., 1 B. T. A. 624; Farmers Fuel Co. 1 B. T. A. 1058; Midland Refining Co., 2 B. T. A. 292; Wilshire Oil Co., 13 B. T. A. 1150.
In determining the proposed deficiency the respondent included the Groton Iron Works notes in the gross income of the Shipbuilder’s Machinery Company at their face value. The account was charged off as worthless in 1919, based upon information received from the debtor’s receiver , that nothing ever would be paid on the account. The small cash payment made in 1920 was not expected and thereafter only $200 was paid on the indebtedness. In our opinion, in 1920 the prospects of ultimately collecting the indebtedness were not such as to require the Shipbuilder’s Machinery Company to accrue the notes on its books as taxable income. Accordingly, this issue is decided in favor of petitioner.
The uncontradicted evidence here is that the manufacturing and selling rights assigned to the Shipbuilder’s Machinery Company in 1918 had a value for exhaustion purposes of $50,000, and that their useful life was not in excess of five years. In computing the consolidated net income of the two affiliated corporations for 1920 there should be allowed as a deduction for exhaustion of these assets, the sum of $10,000. Gantz Tank Co., 16 B. T. A. 212.
The advances made to Watkins in 1920 were made with the expectation that the experiments would result in the acquisition of valuable manufacturing and selling rights on the inventions. The experimental work, however, did not result in the creation of any asset of commercial value, and the inventions on which the work was performed were abandoned in 1920 as worthless. Petitioner’s entire outlay of capital, amounting to $3,143.12, produced no valuable results and no part of the expenditure has been recovered. The amount advanced represents a loss sustained in 1920.
We have found as a fact that the indebtedness due petitioner by Nordeen in the sum of $851.32 was ascertained to be worthless and charged off in 1920. In that year petitioner not only pressed Nor-deen for payment of the account, but definitely ascertained that he had no property out of which a judgment for the amount due could be collected. The respondent admits in his answer that the account *455 was charged off as of December 31, 1920, and the testimony of petitioner’s witness is that the entry charging off the amount was made in 1920. The account is deductible as a bad debt ascertained to be worthless and charged off in 1920.
Respondent contends that a portion of the $1,500 paid to Buchner in September, 1920, was in payment for his stock in the Shipbuilder’s Machinery Company and a portion for services. The evidence is that all of the amount was in payment of bonuses and commissions for services rendered. Accordingly the whole sum is deductible in 1920 as compensation paid for services rendered by Buchner to petitioner.
Reviewed by the Board.

Decision will be entered under Bule 50.

MokRis, TRAmmell, and Murdock. dissent on the question of affiliation.